**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-61580-CIV-ROSENBAUM/SELTZER**

BLANCO GMBH + CO. KG,

Plaintiff,

v.

VLANCO INDUSTRIES, LLC, G-TECH-I, INC., and VITO ANTONIO LAERA,

Defendants.
_______________________________________/

**ORDER DENYING MOTION TO APPOINT COUNSEL**

This matter is before the Court upon Vito Antonio Laera's Motion Requesting Appointment of Counsel [D.E. 37]. On August 14, 2012, Plaintiff filed its Complaint against Defendants alleging various counts related to Plaintiff's asserted trademark rights. D.E. 1. On September 6, 2012, the Complaint was served on Defendants. D.E. 13-15. Defendant Vito Antonio Laera ("Laera") timely filed a *pro se* Motion to Dismiss on September 24, 2012. D.E. 17. After the Court declined to appoint counsel for the corporate Defendants and ordered them to retain counsel [D.E. 32], Defendant Laera filed a motion asking this Court to appoint counsel for him. D.E. 37. Plaintiff opposes any appointment of counsel for Laera and has filed a Motion to Strike Laera's request. D.E. 39.

Laera attempts to establish the necessity of counsel in his motion by offering several arguments. He first asserts that Plaintiff's lawsuit violates his civil rights and freedom of speech. D.E. 37 at 2. He next contends that the word "blanco" has conflicting definitions in different

languages, and thus will create conflicting testimony during trial. *Id.* at 2-3. Laera also avers that his lack of formal education will prevent him from investigating and presenting his case adequately and that he does not possess the skill necessary to present evidence or cross-examine witnesses. *Id.* at 3. In addition, Laera maintains that this case presents "exceptionally novel and/or complex and/or complicated issues" that require the assistance of counsel. *Id.* Finally, Laera notes that he has contacted four attorneys, and based on the cost estimates provided by them, avers that he is financially unable to retain counsel. *Id.* at 4. Laera provides no other details regarding his financial situation.

**DISCUSSION**

There is no absolute right to counsel in a civil litigation, although in exceptional circumstances, a court may appoint counsel for a civil litigant. *See, e.g.*, *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). In determining whether exceptional circumstances warrant appointment of counsel, a court should consider the type and complexity of the case, the ability of the indigent party to adequately investigate and present his case, and whether the evidence will consist of conflicting testimony that will require skill in the presentation of evidence and cross examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), *noted approvingly in Fowler*, 899 F.2d at 1096.

At the outset, the Court notes that Laera has tailored his current request for counsel to the factors outlined in this Court's previous order declining to appoint counsel for the corporate Defendants.[1] This itself suggests that Laera possesses sufficient skill to present his case. Turning

[1] Although the motion under consideration is the first request Laera has filed with this Court seeking appointment of counsel, Laera previously served on Plaintiff an un-filed motion seeking appointment of counsel. D.E. 26-1.

to Laera's specific arguments, Laera has presented nothing to suggest that Plaintiff's lawsuit violates his civil rights, but even assuming *arguendo* that such a claim could be made, civil-rights claims do not create a right to counsel. *See Fowler*, 899 F.2d at 1096. The varying definitions of the word "blanco," while in a strict sense may create "conflicting" testimony, do not present the type of exceptional conflict that would require a skilled practitioner—and, indeed, Laera has appeared to adequately explain the differences in his motion.

Further, despite Laera's contention that he does not possess adequate education to present his case, the arguments in Laera's motions belie this notion. And, Laera's assertion that this case is exceptionally novel, complicated, and complex is merely conclusory and is not supported in his motion or by the facts on the record.

Finally, the Court notes that Laera has cited financial hardship as the only basis for why he cannot retain counsel. Unfortunately, however, financial hardship alone is not a sufficiently exceptional circumstance to warrant appointment of counsel. Beyond this, though, the Court notes that Laera has only contacted four attorneys, that these are the same four attorneys Laera contacted in September on behalf of the corporate Defendants, and that none of these attorneys are the ones subsequently retained by the corporate Defendants. *See* D.E. 18; D.E. 20. Therefore, the Court encourages Laera, if he wishes to be represented by counsel, to increase his efforts at retaining an attorney.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Vito Antonio Laera's Motion Requesting Appointment of Counsel [D.E. 37] is **DENIED**. In light of this ruling, Plaintiff's

Motion to Strike [D.E. 39] is **DENIED AS MOOT**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 12th day of December 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable Peter R. Palermo

The Honorable Barry S. Seltzer

Counsel of record

Vito Antonio Laera, *pro se*
5960 SW 32 Terrace
Fort Lauderdale, FL 33312