UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61580-CIV-ROSENBAUM/HUNT

BLANCO GMBH + CO. KG,

    Plaintiff,

v.

VLANCO INDUSTRIES, LLC, G-TECH-I, INC.,
and VITO ANTONIO LAERA,

    Defendants.

_____/

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court upon the Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(a) [D.E. 144] filed by Defendant Vito Laera. Laera seeks a default judgment against Plaintiff and his co-Defendants because no party has filed a brief in reply to the document [D.E. 132] Laera filed on August 19, 2013. D.E. 144. The Court denies Laera's Motion because there are no grounds upon which to enter a default.

Docket Entry 132 is a 118-page document consisting of five distinct parts. The first two parts, comprising the bulk of the document, are Laera's responses to Plaintiff's contempt motions [D.E. 79 & D.E. 95]. D.E. 132 at 1-115. Plaintiff was permitted but not required to file a reply to these responses on or before August 29, 2013. *See* L.R. 7.1(c), S.D. Fla. ("The movant **may** . . . serve a reply memorandum . . . ." (emphasis added)). Plaintiff's choice not to file this optional reply does not present grounds for default.

Laera also included a "Request for an Oral Hearing." D.E. 132 at 115. To the extent that this is a separate motion, Plaintiff's response was due on September 5, 2013, seventeen days after the

Motion was filed. *See* L.R. 7.1(c)(1)(A). Accordingly, the time to respond has not yet passed, but, regardless, Plaintiff has expressed its opposition to such a hearing within the deadline. *See* D.E. 145 at 2 n.1. Accordingly, no default is warranted.

Laera also included in his filing a "Request for Affirmative Relief" which merely amounted to a request that the Court grant all his prior-filed pending motions and deny all of Plaintiff's pending motions. D.E. 132 at 116. This "request" is not a unique motion and does not require a response of any kind—and, therefore, does not provide a basis for a default judgment.

Finally, Laera purports to state a "counterclaim" by incorporating everything he has said in Docket Entries 125 and 132. *Id.* at 117. Without reaching the question of whether Laera has sufficiently stated a counterclaim under the Federal Rules of Civil Procedure, no default is warranted in this case because any response to a counterclaim filed on August 19, 2013, would be due on September 9, 2013. *See* Fed. R. Civ. P. 12(a)(1)(B) (providing twenty-one days to respond to a counterclaim). Thus, no default exists with respect to the counterclaim.

Because no default is warranted, is it **ORDERED and ADJUDGED** that Laera's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(a) [D.E. 144] is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 5th day of September 2013.

ROBIN S. ROSENBAUM
UNITED STATED DISTRICT JUDGE

Copies to:
The Honorable Patrick M. Hunt
Counsel of record

Vito Antonio Laera
5960 SW 32 Terrace
Fort Lauderdale, FL 33312

2