UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 12-61580-CIV-ROSENBAUM/HUNT

BLANCO GmbH + CO. KG,

    Plaintiff,

v.

VLANCO INDUSTRIES LLC, *et al.*,

    Defendants.
_____/

## **OMNIBUS ORDER**[1]

THIS CAUSE is before this Court upon several pending motions. The Honorable Robin S. Rosenbaum referred the motions to the undersigned for final disposition or report and recommendation as appropriate. (ECF Nos. 93, 128, 131, 160, 166); see also 28 U.S.C. § 636(b); S.D. Fla. L.R. Mag. R. 1. This Court has carefully reviewed the motions and responses thereto, all supporting documentation, the court file, and the applicable law. Accordingly, this Court rules on each motion as set forth herein.

### BACKGROUND

On August 14, 2012, Plaintiff commenced this action against Vlanco Industries LLC ("Vilanco Industries Inc." as of January 29, 2013), G-Tech-I Inc., and Vito Laera (collectively, "Defendants"), alleging claims of trademark infringement and counterfeiting under §§ 32(1) and 43(a) of the Trademark Act of 1946 (Lanham Act),[2] cybersquatting

---

[1] This Order is entered contemporaneously with the Report and Recommendation concerning dispositive issues in this case. The facts of this case are discussed in greater detail in the Report and Recommendation, which is incorporated herein by reference.

[2] 15 U.S.C. §§ 1114(1), 1125(a) (2006).

under the Anticybersquatting Consumer Protection Act,[3] and unfair competition under the Florida Deceptive and Unfair Trade Practices Act.[4]  After court-ordered mediation resulted in a settlement among the parties, this Court entered a Final Judgment Upon Consent (ECF No. 76) (the "Consent Judgment"), and the case was closed.  This Court retained jurisdiction for "the limited purpose of enforcing the terms of [the] Judgment and the parties' Settlement Agreement."  See (ECF No. 76 at ¶ 12).  Among other things, the Consent Judgment permanently enjoined several acts relating to the use of certain identified marks and provided that any violation would result in the responsible Defendant paying to Plaintiff "liquidated damages in the amount of $150,000 for each [violation]."  See (ECF No. 76 at ¶10).  Plaintiff was further entitled to recover attorney's fees, expert fees, and costs incurred in recovering such liquidated damages.  (ECF No. 76 at ¶10).  On June 17, 2013, Plaintiff filed its Motion to Re-Open the Case and for an Order to Show Cause Why Defendants Should Not Be Held in Contempt, To Enforce Consent Judgment and other related relief ("Plaintiff's First Motion for Contempt).  (ECF No. 79).[5]  In its First Motion for Contempt, Plaintiff submits that Defendants were in violation of the Consent Judgment by, among other things, (i) filing three applications with the U.S. Trademark Office containing Prohibited Designations (as defined in the Consent Judgment); (ii) registering fifty-five new (post-Consent Judgment) domain names containing Prohibited Designations; (iii) re-directing these fifty-five domain names

---

[3] 15 U.S.C. § 1125(d) (2006).

[4] § 501.204, Fla. Stat. (2011).

[5] Along with the Motion to Re-Open the Case, Plaintiff filed a related motion to file the submissions under seal, which is addressed in the related Report and Recommendation. See (DE 78).

and twenty-three others to a web site using the Prohibited Designation BLANCO; and (iv) refusing to cooperate in the transfer of certain domain names and transferring ownership of such domain names to third parties.  See (ECF No. 79).  As detailed in this Court's Order to Show Cause, dated August 8, 2013, Defendants failed to timely respond to Plaintiff's motions despite express notice advising all parties and related non-parties of the relevant issues and the possibility that Plaintiff's motions could be granted by default. See (ECF Nos. 106, 118).

The undersigned held three hearings and provided sufficient time to allow for a response from all Defendants.[6]  To date, Corporate Defendants Vilanco Industries LLC. and G-Tech-I Inc. have failed to respond; however, Defendant Vito Antonio Laera has filed numerous submissions including motions for orders to show cause and a request for default judgment, which are addressed in a Report and Recommendation filed contemporaneously herewith.  The Report and Recommendation and this Omnibus Order address the pending motions.

## ANALYSIS

A.     <u>Motions filed by Defendant Vito Laera (ECF Nos. 124, 130, 132–33, 158)</u>

Since July 15, 2013, Defendant Laera filed at least sixteen motions, including two that he withdrew and subsequently re-filed.  See (ECF Nos. 89, 101, 110).  The vexatious filings resulted in Plaintiff seeking relief from this Court to excuse it from responding to Defendant's motions.  This Court granted Plaintiff's request and further ordered Defendant Laera to cease filing voluminous pleadings in direct violation of the

---

[6] This Court held two hearings on defense counsel's motion to withdraw on July 24 and August 7, 2013. (ECF Nos. 103, 116), and one evidentiary hearing on myriad pending motions before this Court (ECF Nos. 79, 95, 125, 130, 153).

this Court's Local Rules. (ECF No. 167). This Court further warned Defendant Laera that vexatious, frivolous litigation, without basis in law or fact, may result in the entry of an injunction further limiting his submissions to this Court and the imposition of other sanctions on him personally. See (ECF No. 167 at 2).

On August 15, 2013, lacking any substantive discussion or supporting caselaw, Defendant Laera filed a Motion to Suspend [U.S. Patent and Trademark Office ("USPTO")] Proceedings (ECF No. 124). Defendant Laera argues, in a conclusory manner, that "it would be unfair and unjust to allow [Plaintiff] to reap any benefit of the final judgment until a resolution of this law suit [sic] and/or any other lawsuit pertaining to this matter is resolved." (ECF No. 124 at 1–2). Plaintiff filed its opposition (ECF No. 141) and submitted evidence that the proceedings before the USPTO resulted in a judgment against Defendant Laera and a dismissal of the USPTO proceedings with prejudice. See (ECF No. 141 Ex. 1). Consequently, Defendant Laera's Motion to Suspend the USTPO Proceedings (ECF No. 124) is DENIED AS MOOT.

On September 25, 2013, Defendant Laera filed a related motion titled "Motion to Compel" (ECF No. 158) wherein he requests that this Court compel the USPTO to reverse its decision of August 22, 2013, dismissing with prejudice the proceedings between Plaintiff and Defendant Laera. Defendant Laera provides no legal basis for his request. While this Court should afford a pro se litigant leeway in pleadings, even pro se litigants must satisfy essential burdens. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Brown v. Crawford, 906 F.2d 667, 670 (11th Cir.), cert. denied, 500 U.S. 933 (1991). Here, there is no legal or factual basis in the record for this Court to grant the

relief Defendant Laera seeks.  Consequently, Defendant Laera's Motion to Compel (ECF No. 158) is DENIED.

On August 16, 2013, Defendant Laera filed a response to Plaintiff's Emergency Motion for Injunction wherein Defendant Laera, by use of conclusory labels, purported to include a motion for an interpretation of contract and a motion for declaratory judgment. (DE 130).  Plaintiff filed its opposition (ECF No. 142) noting that Defendant's purported motions fail to comply with the Local Rules of this Court because he failed to include a memorandum of law.  (ECF No. 142 at 2); see also S.D. Fla. L.R. 7.1.  Furthermore, Plaintiff argues that Defendant Laera's purported motions are almost completely incomprehensible.

This Court finds that Defendant Laera's Response fails to abide by Local Rule 7.1 because it does not "incorporate a memorandum of law citing supporting authorities." More importantly, the Response and purported motions do not properly present these issues before this Court.  Instead, Defendant Laera simply states, "[I]t is clear to [him] that we have an interpretation issue that needs to be resolved."  (ECF No. 130 at 3). Defendant Laera generally requests that this Court conduct "a conference to resolve interpretation issues."  (ECF No. 130 at 3).  Defendant Laera fails to provide any facts explaining this conclusory statement.   The only issue before this Court is the enforcement of the Consent Judgment, the terms of which the parties stipulated.  The Consent Judgment imposed specific obligations on the parties.  Defendant Laera and his corporate entities were all represented by counsel at the time of the Consent Judgment.[7]

---

[7] Defense counsel was previously allowed to withdraw from this action, in part because counsel represented to this Court that Defendant Laera had terminated the relationship.  See (ECF No. 117).  To

The obligations thereunder are clear and unambiguous. Therefore, the Motion for an Interpretation of Contract and the Motion for Declaratory Judgment (ECF No. 130) are DENIED.

On August 19, 2013, Defendant Laera filed a 118 page submission wherein he purported to respond to Plaintiff's First and Second Motions for An Order to Show Cause and to seek further relief including (i) requesting a hearing; (ii) requesting affirmative relief (specifically, the granting of Defendant's motions and the denial of Plaintiff's); and (iii) attempting to assert a counterclaim. (ECF Nos. 132–33). As a result of Defendant Laera's attempt to assert a counterclaim, Plaintiff filed its own Motion to Strike or Dismiss Defendant's Counterclaim. (ECF No. 149).[8]

This Court denies Defendant Laera's request for affirmative relief contained at page 116 of Electronic Case Filing 132, reasserted in Electronic Case Filing 133 by reference. See (ECF No. 133) (creating "Request for Affirmative Relief by Vito Antonio Laera" referencing ECF No. 132). The request for affirmative relief appears to simply request that this Court deny Plaintiff's motions and grant Defendant Laera's Motions for Interpretation of Contract, Declaratory Judgment, and Suspension of the USPTO Proceedings. Because all of Defendant Laera's motions are herein denied, Defendant Laera's Motion for Affirmative Relief (ECF Nos. 132, 133) is DENIED.

On October 1, 2013, Defendant Laera filed a Motion for Request for [sic] Admission/Request for Admission (ECF No. 163), wherein he apparently seeks an

---

the extent that Defendant may be claiming he is not clear as to his obligations under the Consent Judgment, the undersigned finds that the obligations are unambiguous and were stipulated by the parties.

[8] The Motion to Strike or Dismiss (ECF No. 149) will be addressed *infra* section B.

admission from Plaintiff and Vilanco Industries Inc. (a non-party to the Consent Judgment) concerning a purported breach of contract. It is unclear what "contract" Defendant makes reference to. As with many of his pleadings, Defendant Laera argues that there is "no meeting of the minds" and that there is a disagreement as to the "governing contract." Plaintiff was excused from responding to this duplicative pleading.[9] Upon careful review, this Court finds that Defendant Laera's motion lacks sufficient basis in law or fact to warrant relief because the motion is deficient in several respects. The Motion fails to present a memorandum of law in support, it does not clearly identify the "contract" at issue, and the sole issue before this Court is the enforcement of the Consent Judgment.[10]  Consequently, Defendant Laera's Motion for Request for Admission (ECF No. 163) is DENIED.

B.     Plaintiff's Motions (ECF Nos. 149, 161)

This Court grants Plaintiff's Motion to Strike or Dismiss Defendant Laera's Counterclaim (ECF No. 149). As Plaintiff notes, this Court reserved jurisdiction to address post-judgment enforcement matters; thus, any counterclaim would be untimely. See, e.g., McLemore v. Landry, 898 F.2d 996 1003 (5th Cir. 1990). Moreover, Defendant Laera's purported counterclaim is not pleaded with sufficient particularity to provide proper notice as required under the Federal Rules of Civil Procedure. Defendant Laera's conclusory reference to Electronic Case Filing 125, which is his Motion for an Order to Show Cause, is insufficient to support a proper counterclaim. Consequently,

---

[9] On October 2, 2013, this Court entered an order excusing Plaintiff from having to respond to Defendant Laera's filings unless expressly directed to do so. (ECF No. 167).

[10] If the motion (ECF No. 163) purports to address potential breaches of the Stipulation of Settlement and Consent Judgment, then it is duplicative of Defendant's other motions, which this Court will address in its Report and Recommendation filed contemporaneous herewith.

Plaintiff's Motion to Strike Defendant's Counterclaim contained in Electronic Case Filing 132 at page 117 is GRANTED.

On September 30, 2013, Plaintiff filed its Motion to Strike Vito Antonio Laera's Motion for Court Directive and other related relief. (ECF No. 161). The reference to Defendant Laera's Motion for Court Directive (DE 159) relates to a filing by Defendant Laera that is, again, incomprehensible. Electronic Case Filing 159 is a 135-page submission wherein Defendant Laera, among other things, accuses Plaintiff of engaging in crimes, including the commission of genocide and mass murder. Not only is Defendant Laera's latest submission immaterial to the trademark infringement matters at issue in this case, but the filing contains scandalous matter that this Court considers harassing and filed in bad faith. Accordingly, pursuant to Federal Rule of Civil Procedure 12(f), this Court hereby GRANTS Plaintiff's Motion to Strike Electronic Case Filing 159 (ECF No. 161).

This Court recognizes that Plaintiff has also requested sanctions against Defendant Laera in the form of payment of fees and costs related to Electronic Case Filing 159. Courts have the inherent power to impose sanctions when a party acts in bad faith, vexatiously, or wantonly. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002). The undersigned finds that Defendant Laera has violated the Rules of this Court, including the bad faith filing of his baseless and scandalous Motion for Court Directive. (ECF No. 159). Accordingly, Defendant Laera is ordered to pay $1,500 in attorney's fees. This fee award is based on five hours of work at $300 per hour, which the undersigned finds is reasonable having independent experience with the rates commonly charged in this community by attorneys practicing in

the same or similar area of law and the hours it would take to review Defendant Laera's 135-page submission and draft a response thereto. Defendant Laera shall pay this award within ten (10) days of the date of this Order, for which let execution issue.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED AND ADJUDGED as follows:

1. Defendant Vito Laera's Motion to Suspend USPTO Proceedings (ECF No. 124) is DENIED AS MOOT.

2. Defendant Vito Laera's Motion for Interpretation of Contract and Motion for Declaratory Judgment (ECF No. 130) are DENIED.

3. Defendant Vito Laera's Request for Affirmative Relief (ECF Nos. 132, 133) is DENIED.

4. Plaintiff's Motion to Strike or Dismiss Defendant's Counterclaim (ECF No. 149) is GRANTED. Accordingly, the Clerk of Court is directed to strike Defendant's Counterclaim at Electronic Case Filing 132, p. 117.

5. Defendant Vito Laera's Motion to Compel (ECF No. 158) is DENIED.

6. Plaintiff's Motion to Strike Vito Laera's Motion for Court Directive (ECF No. 161) is GRANTED. This Court hereby directs the Clerk of Court to strike Electronic Case Filing 159, filed by Defendant Laera, captioned "Motion for Court Directive." This Court awards sanctions against Defendant Laera in the amount of $1,500 for fees incurred in connection with Defendant's Motion for Court Directive (ECF No. 161), for which let execution issue.

7. Defendant Laera's Motion for Request for Admission (ECF No. 163) is DENIED.

DONE AND ORDERED in Chambers, at Fort Lauderdale, Florida this 12th day of December, 2013.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Robin S. Rosenbaum

All Counsel of Record

Defendants:[11]

> **Vito Antonio Laera**, pro se
> 5960 SW 32 Terrace
> Fort Lauderdale, FL 33312
>
> **Vilanco Industries LLC**
> 5960 SW 32 Terrace
> Fort Lauderdale, FL 33312
>
> > *and*
>
> 4303 West Atlantic Boulevard
> Coconut Creek, FL 33066
>
> **Vilanco Industries Inc.**
> **c/o Vito Antonio Laera**
> 5960 SW 32 Terrace
> Fort Lauderdale, FL 33312
>
> **G-Tech-I Inc.**
> **c/o Anna Mancini**
> 5960 SW 32 Terrace
> Fort Lauderdale, FL 33312
>
> > *and*

---

[11] The addresses listed below are consistent with the respective registered addresses filed with the Florida Department of State, Division of Corporations.

419 York Southern Road
Fort Mill, SC 29715

**Robert Johnson**
4303 West Atlantic Blvd.
Coconut Creek, FL 33066
Email:  rjflymail@ymail.com

**Joseph Napolitano**
5960 SW 32 Terrace
Fort Lauderdale, FL 33312