## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-61580-CIV-ROSENBAUM/HUNT

BLANCO GMBH + CO. KG,

      Plaintiff,

v.

VLANCO INDUSTRIES, LLC, G-TECH-I, INC.,
and VITO ANTONIO LAERA,

      Defendants.

_____/

## AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Re-open and for an Order to Show Cause [ECF No. 79], Plaintiff's Second Motion for Order to Show Cause [ECF No. 95], Defendant's Motion for Order to Show Cause [ECF No. 125], Plaintiff's Motion for Preliminary Injunction [ECF No. 126], Plaintiff's Motion for Default Judgment [ECF No. 153], and Defendant's Motion for Default Judgment [ECF No. 157], which were previously referred to the Honorable Patrick M. Hunt for a Report and Recommendation. Judge Hunt issued a Report and Recommendation on all of the Motions [ECF No. 185], and Defendant Laera has filed objections to the Report and Recommendation [ECF No. 189]. Plaintiff has also filed Objections [ECF No. 188]. For the reasons set forth below, the Court overrules Defendant's Objections, sustains in part and overrules in part Plaintiff's Objections, and adopts Judge Hunt's Report and Recommendation.

## I. Background

Plaintiff Blanco GmbH+Co. KG brought this action against Defendants Vlanco Industries, LLC, G-Tech-I, Inc., and Vito Antonio Laera, asserting claims for trademark infringement, cyber-

squatting, and unfair competition.  The parties ultimately reached a settlement, and the Court entered a Final Judgment Upon Consent [ECF No. 76], in which the Court retained jurisdiction to enforce the terms of the parties' agreement.  The various motions addressed by the Report and Recommendation relate to various issues arising after entry of the Consent Judgment.

## II. Discussion

### A. Plaintiff's Emergency Motion for Preliminary Injunction [ECF No. 126]

Plaintiff moved for the entry of a preliminary injunction on the grounds that Laera purportedly impersonated Plaintiff and its intellectual property counsel, Franka Kuschnirek, by changing the domain-name account of a GoDaddy domain name registrar to falsely reflect Plaintiff and Kuschnirek as the account owners.  *See* ECF No. 126.  Judge Hunt recommended that the Motion be denied because Plaintiff failed to satisfy the elements necessary for a preliminary injunction. The Court agrees.  In particular, Plaintiff has failed to show that it lacks an adequate remedy at law or that it will suffer irreparable injury if its motion is not granted.

The purpose of a preliminary injunction is to restrain conduct "in those extraordinary situations where irreparable injury might result from delay or inaction."  *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1133 (11th Cir. 2005) (citing *United Bonding Ins. Co. v. Stein*, 410 F.2d 483, 486-87 (3d Cir. 1969)).  Because its sole function is to forestall future harm, injunctive relief is "completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law."  *Id.*  As such, even if Defendant wrongfully impersonated Plaintiff, no indication exists that Defendant's alleged wrongdoing is ongoing.  Thus, no threat of irreparable injury exists. To the extent that Plaintiff seeks relief from any harm imposed by Defendant's past conduct, Plaintiff

may pursue a legal remedy; hence, equitable relief is barred.  Plaintiff's Motion for Preliminary
Injunction is therefore denied.

## **B. Plaintiff's Motions for Contempt [ECF Nos. 79, 95]**

### 1. Plaintiff's Motion to Re-Open and for an Order to Show Cause [ECF No. 79]

Plaintiff requests that the Court find Defendants in contempt of the parties' Consent
Judgment.  ECF No. 79.  In this regard, Plaintiff avers that Defendants (i) filed three applications
with the United States Trademark Office containing prohibited designations; (ii) registered fifty-five
new domain names containing prohibited designations; (iii) re-directed a number of domain names
to a website using the prohibited designation "BLANCO;" and (iv) refused to cooperate in the
transfer of certain domain names and transferred ownership of such domain names to third parties.
ECF No. 79 at 2-3.  In the Report and Recommendation, Judge Hunt found that Plaintiff presented
sufficient evidence showing that Defendants, or persons acting in concert with Defendants, violated,
and continue to violate, the terms of the Consent Judgment.  The Court agrees with Judge Hunt's
determination.

The Consent Judgment provides, in pertinent part, that

> 2. Defendants, their officers, servants, agents, employees,
> attorneys, and representatives, and/or anyone acting in active
> concert or participation with any or all of them, are hereby
> permanently restrained and enjoined from actively engaging
> in any of the following acts:
>
> > (a) applying to register with the U.S. Trademark
> > Office and/or using the Infringing Marks and/or any
> > other slogan, name, or mark confusingly similar to the
> > BLANCO Marks, including, without limitation,
> > VALANCO, VIANCO, VLANCO, or BLANCO, but
> > excluding VILANCO and VALCO, which the
> > Defendants may use

-3-

. . .

> (c) registering any domain name which consists of or incorporates any slogan, name or mark confusingly similar to the BLANCO Marks, including, without limitation VALANCO, VIANCO, VLANCO, or BLANCO, but excluding VILANCO and VALCO, which the Defendants may use . . . .

ECF No. 76 at 2-3.  After entry of the Consent Judgment, a third party, Robert Johnson, filed trademark applications that included the term "VLANCO" and registered domain names containing the terms "BLANCO," "VIANCO," and "VLANCO"—all of which constitute prohibited designations under the Consent Judgment.

According to Plaintiff, Robert Johnson is either an alias of Laera or a person acting in concert with Laera.  In support of this contention, Plaintiff notes that Johnson's pending trademark applications are virtually identical to those originally filed by Defendants.  Indeed, several of the specimens attached to Johnson's applications contain photographs that match those of Defendants' products included in the parties' Stipulation of Settlement and in Plaintiff's original Complaint.  *See e.g.*, ECF No. 2-3; ECF No. 79-6; and ECF No. 79-8.  Interestingly, the address listed for Robert Johnson in the trademark applications belongs to a leasing office, and no record exists of a Robert Johnson having lived or worked there.

As further evidence of Defendants' relationship with Robert Johnson, Plaintiff points to Defendants' redirection of their former domain names.  The Consent Judgment required the registrars of Defendants' infringing domain names to transfer ownership of the domain names to Plaintiff.  ECF No. 76 at 7.  The Stipulation of Settlement, in turn, required Plaintiff to redirect those domain names to an IP address provided by Defendants for a limited transition period.  ECF No. 79-

6 at 6.  The IP address provided by Laera, however, redirects users to "blancoamerica.us," a domain name registered to Robert Johnson.

Finally, Robert Johnson is currently listed as the registered agent for Defendant Vilanco Industries, LLC.[1]  Laera initially formed the company and was its manager and authorized representative.  A Google search of "Vito Laera and Robert Johnson" also revealed a now-inactive Facebook page for "ViLanco-Vito Laera and Company," which stated: "We ship internationally. Ask for Robert Johnson."  ECF No. 79-2.

The Court agrees with Judge Hunt that Plaintiff has satisfied its burden of establishing a prima facie case of contempt.  "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order."  *Commodity Futures Trading Com'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).  Whether or not Robert Johnson is merely an alias—although the facts strongly suggest that he is—ample support exists for the notion that Robert Johnson was at least an agent of Defendants and acted in concert with Laera, and the actions undertaken by them are clear violations of the Consent Judgment.  Indeed, it appears that Defendants were utilizing Robert Johnson in order to attempt to circumvent the Consent Judgment.

Once a prima facie showing of contempt has been made, the burden shifts to the contemnor to show that he was unable to comply with the Court's order.  *See Commodity Futures Trading*

---

[1] In January 2013, Defendant changed its name from "Vlanco Industries, LLC," to "Vilanco Industries, LLC."  *See* Articles of Amendment to Articles of Organization, www.sunbiz.org.

*Com'n*, 950 F.2d at 1529.  In Laera's opposition brief to Plaintiff's Motion, Laera stated simply that

he had "no information or belief" on the subject.  *See* ECF No. 132 at 47.  Additionally, he did not

raise the issue in his Objections to the Report and Recommendation.  The corporate Defendants have

filed no response to Plaintiff's motion, and Judge Hunt therefore recommended that the Court grant

Plaintiff's Motion for Default.  *See* ECF No. 153.  Because Laera and the corporate Defendants have

failed to rebut Plaintiff's showing, the Court concurs with Judge Hunt that Defendants are in

contempt of the Consent Judgment.

### 2.  Plaintiff's Second Motion for an Order to Show Cause [ECF No. 95]

Plaintiff then filed a Second Motion for Contempt, alleging further violations of the Consent

Judgment by Laera and third parties Joseph Napolitano, Vilanco Industries, Inc., and Robert

Johnson.  In particular, Plaintiff avers that Laera, in concert with these non-parties, sought to evade

the Consent Judgment by filing an ancillary lawsuit and assigning certain trademark rights.

On May 21, 2013, Joseph Napolitano and Vilanco Industries, Inc., instituted an action against

Laera in the United States District Court for the District of South Carolina.  ECF No. 95-4.  In that

lawsuit, Joseph Napolitano and Vilanco Industries, Inc., sought a judgment against Laera for the

same rights to the trademark and domain names that are encompassed in the Consent Judgment.  The

basis for the lawsuit involved several license agreements—executed after the commencement of this

lawsuit—that purported to grant a license from Laera to Vilanco Industries, Inc., to use numerous

trademarks and domain names that are the subject of the present action.

Plaintiff posits that the South Carolina lawsuit was merely an attempt by Laera to obtain an order allowing him to use the trademarks that he had been prohibited from using by the Consent Judgment.   In support of this assertion, Plaintiff provides evidence that demonstrates a clear relationship between Laera, Joseph Napolitano, and Vilanco Industries, Inc.  Specifically, Laera was the company's incorporator and was listed as the president and registered agent of Vilanco Industries, Inc., in various corporate documents, including the Articles of Dissolution. *See, e.g.*, ECF Nos. 95-5, 95-6.  Joseph Napolitano also appears to be an officer of Vilanco Industries, Inc.  ECF No. 95-7.  The Florida address associated with both Joseph Napolitano and Vilanco Industries, Inc., is Laera's Florida homestead property, and the mailing address provided in the company's Annual Report corresponds to a property owned by Laera.   *See* ECF No. 185 at 24.  Based on these affiliations, Plaintiff maintains that Joseph Napolitano is an alias of Laera's, and the lawsuit was actually brought by Laera against himself in an effort to retain rights to the use of the prohibited designations.

In light of the evidence provided by Plaintiff, Judge Hunt determined that the South Carolina action was a subversive tactic designed to shirk the terms of the parties' settlement agreement.  Judge Hunt noted that compelling evidence existed supporting the notion that Joseph Napolitano was merely an alias, but regardless, Plaintiff had presented enough evidence demonstrating that Joseph Napolitano and Vilanco Industries, Inc., had actual notice of the Consent Judgment and acted in concert with Laera in violating its terms.  Moreover, Laera provided insufficient explanation for the license agreements and the ancillary lawsuit, and Laera did not address the issue in his Objections

to the Report and Recommendation.  As a result, the Court agrees that Laera, Joseph Napolitano, and Vilanco Industries, Inc., are in contempt of the Consent Judgment.[2]

Plaintiff has also presented evidence that Laera assigned a fifty-percent ownership interest in twenty-four trademarks to Robert Johnson, in violation of the parties' Stipulation of Settlement. This, along with the other evidence of Robert Johnson's affiliaion with Laera, led Judge Hunt to again appropriately conclude that Robert Johnson had notice of the Consent Judgement and acted in concert with Laera in violating its terms.

### 3. Damages

The Consent Judgment provides for $150,000 in liquidated damages per violation.  ECF No. 76 at ¶ 10.  Judge Hunt noted that "the evidence strongly indicates that [Laera] has been using fake names, shell companies, and subversive tactics to violate [the] agreement" and recommended that the Court award Plaintiff $150,000 per categorical violation.  In this regard, Judge Hunt divided the violations into four categories, amounting to a total of $600,000 in liquidated damages, exclusive of attorney's fees and costs, for which Defendants, Robert Johnson, Joseph Napolitano, and Vilanco Industries, Inc., are jointly and severally liable.  *See* ECF No. 185 at 33.  Judge Hunt concluded that injunctive relief is unnecessary because the Consent Judgment already prohibits the conduct that Plaintiff seeks to enjoin.  He further recommended that the Court direct the Registrars and Registries

---

[2] A non-party may be held in contempt where the non-party violated an order in active concert or participation with a named party and had actual notice of the enjoined acts.  *See* Rule 65, Fed. R. Civ. P.; *see also Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) ("[Parties] may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.").

of the domain names containing prohibited designations identified in the Consent Judgment to transfer ownership of the domain names to Plaintiff and that the Court direct the United States Trademark Office to comply with the Consent Judgment and enter judgment in favor of Plaintiff in the opposition/cancellation proceedings identified in Schedule A of the Consent Judgment. The Court finds that the relief recommended is appropriate.

In its Objections to the Report and Recommendation, Plaintiff requests that the Court also direct the United States Trademark Office to abandon with prejudice the three pending trademark applications filed by Robert Johnson. As the Court has determined those applications to be in violation of the Consent Judgment, the Court grants Plaintiff's request. Plaintiff also asks the Court to award injunctive relief with respect to the license agreements between Laera, Vilanco Industries, Inc., and Joseph Napolitano. But such relief is unnecessary because the license agreements are already in direct violation of the Consent Judgment. As the conduct has previously been enjoined, no additional injunction is required.

Finally, the Court agrees with Judge Hunt that Plaintiff must continue to abide by the terms of the Consent Judgment. Despite Defendants' actions in this matter, the Court finds no good cause to relieve Plaintiff of its obligations at this time.

### D. Defendant Laera's Motion for an Order to Show Cause [ECF No. 125]

Laera asserts that Plaintiff failed to abide by the terms set forth in the Consent Judgment. Specifically, Laera appears to contend that Plaintiff wrongfully challenged Laera's use of certain designations because he believes that the Consent Judgment allows him to register any name or mark "confusingly similar to 'VILANCO and 'VALCO.'" *See, e.g.*, ECF No. 125 at 4, 10, 11. This

contention is wholly incorrect.  The Consent Judgment makes clear that Defendants are permanently enjoined from registering any slogan, name, mark, or domain name that is confusingly similar to "BLANCO," with the *exception* of "VILANCO" and "VALCO."  ECF No. 76 at 2-3.  Thus, although Defendants are permitted to use the designations "VILANCO" and "VALCO," other confusingly similar designations are expressly prohibited.  As a result, Plaintiff's challenges to Defendants' use of the prohibited designations were proper.

Laera also asserts that Plaintiff failed to redirect certain domain names as required by the Stipulation of Settlement.  As noted by Judge Hunt, however, Plaintiff has already demonstrated its compliance with the parties' agreement.  *See* ECF No. 185 at 36.  For these reasons, Defendant's Motion for an Order to Show Cause  is denied.

## E. Defendant Laera's Motion for Entry of Default Judgment [ECF No. 157]

Finally, Laera moves for an entry of default judgment against Defendants G-Tech-I, Inc., and Vilanco Industries, LLC, because of their failure to respond to Laera's Counterclaim.  Because Judge Hunt granted Plaintiff's Motion to Strike Defendant's Counterclaim [ECF No. 184 at 6], Laera's Motion was properly denied as moot.

## III. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      Magistrate Judge Hunt's Report and Recommendation [ECF No. 185] is hereby **ADOPTED**;

2.      Plaintiff's Emergency Motion for Preliminary Injunction [ECF No. 126] is
        **DENIED**;

3.      Plaintiff's Motion to Re-Open and for an Order to Show Cause [ECF No. 79],
        Plaintiff's Second Motion for an Order to Show Cause [ECF No. 95], and
        Plaintiff's Motion for Entry of Default Judgment [ECF No. 153] are **GRANTED
        IN PART** as follows:

        a.      Defendants Vito Antonio Laera, Vilanco Industries, LLC, and G-Tech-I,
                Inc., and Third-Party Defendants Robert Johnson, Joseph Napolitano, and
                Vilanco Industries, Inc., are in contempt of this Court's Final Judgment on
                Consent [ECF No. 76];

        b.      Defendants Vito Antonio Laera, Vilanco Industries, LLC, and G-Tech-I,
                Inc., and Third-Party Defendants Robert Johnson, Joseph Napolitano, and
                Vilanco Industries, Inc., are jointly and severally liable for $600,000 in
                liquidate damages awarded to Plaintiff;

        c.      The Registrar(s) and Registry(ies) of the domain names containing
                prohibited designations identified in the Consent Judgment and licensed in
                the license agreements at issue in the South Carolina action discussed
                herein shall transfer ownership of the domain names to Plaintiff, including
                vlanco.cn and vlanco.it;

    d.      The United States Trademark Office shall comply with the Consent Judgment and is directed to abandon with prejudice the following applications submitted by Robert Johnson: U.S. Trademark Application Serial Nos. **85/911,435** for "VLANCO" (stylized); **85/911,213** for "WWW.VLANCO.COM" (stylized), and **85/911,425** for "VLANCO.COM" (stylized);

    e.      Plaintiff shall continue to comply with the Consent Judgment;

    f.      Plaintiff is entitled to attorney's fees and costs associated with this action pursuant to the Consent Judgment;

4.      Defendant Laera's Motion for an Order to Show Cause [ECF No. 125] is **DENIED**;

5.      Defendant Laera's Motion for Entry of Default Judgment [ECF No. 157] is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 21st day of January 2014.

                           ROBIN S. ROSENBAUM
                           UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

Vito Antonio Laera
5960 SW 32 Terrace

Ft. Lauderdale, FL 33312