UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61580-CIV-ROSENBAUM

BLANCO GMBH + CO. KG,

    Plaintiff,

vs.

VLANCO INDUSTRIES, LLC, *et al.*,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court upon Plaintiff BLANCO GmbH + Co. KG's Motion Requesting Reconsideration and Further Amendment of Amended Order Adopting Magistrate's Report and Recommendation [ECF No. 196]. In its Motion, Plaintiff again asks the Court to relieve Plaintiff of its obligation under the parties' settlement agreement to redirect certain domain names as a result of Defendant's bad-faith conduct. Plaintiff also requests that the Court award Plaintiff attorney's fees and costs as sanctions for Defendant's actions. The Court has considered Plaintiff's Motion and all supporting and opposing filings and is otherwise fully advised. For the reasons set forth below, the Court grants Plaintiff's Motion.

**I. Background**

On January 13, 2014, the Court adopted Magistrate Judge Hunt's Report and Recommendation, which disposed of numerous motions filed by both parties in this case. *See* ECF No. 192. In adjudicating Plaintiff's Motions for Contempt, the Court found that Defendants and other non-parties to the litigation were in contempt of the Court's Final Judgment on Consent and were therefore jointly and severally liable for $600,000.00 in liquidated damages. *See id.* at 11.

Despite Defendants' violation of the Consent Judgment, however, the Court ordered Plaintiff to continue to comply with its obligations under the parties' settlement agreement. *Id.* at 12. Specifically, pursuant to the parties' Stipulation of Settlement, Plaintiff is obligated to temporarily redirect certain domain names to the IP address "vilanco.com" so that Defendants can continue to sell products with non-infringing designations. According to Plaintiff, Defendant Vito Antonio Laera is now further redirecting those domain names from "vilanco.com" to another website that features various Nazi iconography. As a result of these actions, Plaintiff renews its request to be relieved of its obligation to redirect the various domain names and requests that the Court impose monetary sanctions against Laera in the form of attorney's fees and costs.

## **II. Legal Standards**

### A. Reconsideration

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D.Fla.1999); *Sussman*, 153 F.R.D. at 694).

B. Sanctions

A court may award attorney's fees and costs as a sanction for bad-faith litigation pursuant to the court's inherent authority. *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51-53 (1991)). Invocation of this inherent power serves the dual purpose of (1) vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and (2) making the prevailing party whole for expenses caused by his opponent's obstinacy. *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (citing *Chambers*, 501 U.S. at 46). Due to their potency, though, a court's "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

The key to invoking inherent authority is a finding of bad-faith conduct. *See Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir.2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998). Bad-faith conduct can be demonstrated by a party's knowing or reckless raising of a frivolous argument, by a party's harassment of an opponent, by a party's delay or disruption of a proceeding, or by a party's hampering of the enforcement of a court order. *Byrne*, 261 F.3d at 1121 (citing *Barnes*, 158 F.3d at 1214). In determining the propriety of a bad-faith fee award, the inquiry focuses "primarily on the conduct and motive of a party." *Rothenberg v. Security Mgmt. Co.*, 736 F.2d 1470, 1472 (11th Cir. 1984).

### III. Discussion

Here, Plaintiff seeks reconsideration of the Court's prior Order based upon newly discovered evidence. In this regard, Plaintiff contends that it recently discovered that, rather than utilizing Plaintiff's redirection of the domain names to continue Laera's business operations, Laera is further

redirecting the domain names to a website depicting Nazi imagery.

A review of the evidence included with Plaintiff's Motion leaves no doubt as to the accuracy of Plaintiff's assertion. Indeed, a DVD provided by Plaintiff portrays each domain name being typed into an Internet browser, being redirected to "vilanco.com," and then being further redirected to the IP address "albusbella.com." That website, in turn, depicts a large photograph of Adolph Hitler, various Nazi swastikas, the Nazi flag, and the Nazi emblem. The Court's own search reveals that since the filing of Plaintiff's Motion, Laera has done nothing to halt this additional redirection.

Laera's redirection of Plaintiff's domain names to an IP address portraying nothing but Nazi symbols is egregious and epitomizes bad faith. The purpose of redirecting the domain names was to allow Defendants to utilize the infringing domain names for a limited transition period so that Defendants could continue to sell their products without interruption. But it is evident that Laera has completely abused this allowance by attempting to associate Plaintiff with the Nazi party for the sole purpose, it appears, of besmirching Plaintiff's business reputation.[1] Because Laera has used the redirection process solely for nefarious reasons and the redirection no longer serves the purpose for which it was intended, the Court grants Plaintiff's request to be relieved of its obligation, and Plaintiff shall no longer be required to redirect the relevant domain names to "vilanco.com."[2]

The Court also finds that sanctions are appropriate in this instance. As noted above, there

---

[1] This is not the first time that Laera has attempted to make such an association. In a previous motion, Laera accused Plaintiff of, among other things, being in "active concert with the German State which committed the acts/crimes of: (1) Genocide, (2) Slave/Forced labor, (3) Crimes Against Humanity, (4) Mass Murder." ECF No. 159 at 1-2. Magistrate Judge Hunt struck the Motion and assessed sanctions against Laera, finding that the filing was "baseless and scandalous" and submitted in bad faith. ECF No. 184 at 8.

[2] The Court notes that the parties' settlement agreement requires redirection only until May 25, 2014. Thus, the Court's Order shortens Plaintiff's obligation by only a few days.

can be no question that Laera's conduct amounts to bad faith. His multiple attempts to associate Plaintiff with Nazi war crimes reveal his antagonistic motivations and constitute harassment. Indeed, Laera's actions have done nothing but unnecessarily delay this litigation and disrupt enforcement of this Court's Consent Judgment. Accordingly, Plaintiff is entitled to an award of reasonable attorney's fees and costs. Because Plaintiff provided only an estimate as to the total fees and costs it incurred in relation to its Motion, the Court directs Plaintiff to separately file a motion for attorney's fees that complies with the Local Rules so the Court may determine the reasonableness of the award sought.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff BLANCO GmbH + Co. KG's Motion Requesting Reconsideration and Further Amendment of Amended Order Adopting Magistrate's Report and Recommendation [ECF No. 196] is **GRANTED**. Plaintiff shall separately file a motion for attorney's fees in accordance with this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of May 2014.

                                        ROBIN S. ROSENBAUM
                                        UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record

Vito Antonio Laera, *pro se*
419 York Southern Road
Ft. Mill, SC 29715