UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61580-CIV-ROSENBAUM

BLANCO GMBH + CO. KG,

    Plaintiff,

vs.

VLANCO INDUSTRIES, LLC, *et al.*,

    Defendants.

_____/

**ORDER**

This matter is before the Court upon Defendant Vito Antonio Laera's Motion for an Order to Void for Vagueness [ECF No. 211]. In his Motion, Laera requests that the Court void the parties' Stipulation of Settlement and Consent Judgment on the grounds that the terms are unconstitutionally vague. Even if the disputed documents were subject to a void-for-vagueness challenge,[1] Laera provides no factual or legal support for his Motion and fails to identify even a single provision that he seeks to dispute as vague. Rather, Laera states only that he wishes to "live free from fear or the chilling effect of unpredictable actions from [P]laintiff." ECF No. 211 at 2. Such general assertions are wholly insufficient to sustain a vagueness challenge. *See Am. Dog Owners Ass'n v. Dade Cnty., Fla.*, 728 F. Supp. 1533, 1540 (S.D. Fla. 1989) ("In a vagueness challenge, the plaintiff bears the

---

[1] The void-for-vagueness doctrine generally protects against unconstitutionally vague laws or other legislative enactments. *See, e.g.*, *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) ("[T]he more important aspect of vagueness doctrine is . . . the requirement that a legislature establish minimal guidelines to govern law enforcement." (citation and internal quotation marks omitted)); *Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007) ("As one of the most fundamental protections of the Due Process Clause, . . . the void-for-vagueness doctrine requires that laws be crafted with sufficient clarity to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited and to provide explicit standards for those who apply them." (citations and internal quotation marks omitted)).

burden . . . ."). Nor can the Court can discern any ambiguity from the terms of the Consent Judgment, which expressly sets forth the acts that are proscribed and the specific marks and designations that Defendants are enjoined from using. For these reasons, Laera's Motion for an Order to Void for Vagueness [ECF No. 211] is denied.

Plaintiff also requests that the Court grant Plaintiff the attorney's fees and costs it incurred in defending this Motion. It is well established that a court may award attorney's fees and costs as a sanction for bad-faith litigation pursuant to the court's inherent authority. *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51-53 (1991)). In order to impose sanctions pursuant to a court's inherent authority, there must be a finding of bad-faith conduct. *See Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir.2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998). Bad-faith conduct can be demonstrated by a party's knowing or reckless raising of a frivolous argument, by a party's harassment of an opponent, by a party's delay or disruption of a proceeding, or by a party's hampering of the enforcement of a court order. *Byrne*, 261 F.3d at 1121 (citing *Barnes*, 158 F.3d at 1214).

Here, the Court finds that sanctions are warranted. Laera's Motion to void the Consent Judgment is entirely frivolous, as it lacks any arguable merit or foundation. *See Sullivan v. Sch. Bd. of Pinellas, Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985). Moreover, Laera has a history of submitting baseless filings to this Court. Accordingly, Plaintiff shall recover its reasonable attorney's fees and costs incurred in litigating the instant Motion. Plaintiff shall separately file a motion for attorney's fees that complies with the Local Rules so that the Court may determine the reasonableness of the award sought. In addition, because of Laera's continuous abuse of the

litigation process, Plaintiff shall no longer be required to respond to any filings submitted by Laera unless expressly ordered to do so by the Court.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Vito Antonio Laera's Motion for an Order to Void for Vagueness [ECF No. 211] is **DENIED**. Plaintiff shall separately file a motion for attorney's in accordance with this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of May 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record

Vito Antonio Laera, *pro se*
419 York Southern Road
Ft. Mill, SC 29715