UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 12-61580-CIV-LENARD/GOODMAN

BLANCO GMBH+CO. KG,

    Plaintiff,

v.

VLANCO INDUSTRIES, LLC, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR CIVIL AND CRIMINAL CONTEMPT
<u>AGAINST DEFENDANT VITO ANTONIA LAERA</u>

Plaintiff BLANCO GmbH + Co. KG's ("Plaintiff" or "BLANCO") filed a Motion for Civil and Criminal Contempt Against Defendant Vito Antonio Laera ("Defendant" or "Laera"). [ECF No. 421]. Laera has not filed a response and the time to do so has since passed. United States District Judge Joan A. Lenard referred the Undersigned all matters for disposition or report and recommendation as appropriate. [ECF No. 331]. For the reasons set forth below, the Undersigned **respectfully recommends** that Plaintiff's motion be **granted in part**.

    **I.**    **INTRODUCTION**

This action arises from Plaintiff's claims of infringement of its BLANCO trademarks (the "BLANCO Marks") which it uses in connection with, *inter alia*, sinks

and faucets and which are the subject of U.S. trademark registrations. The action was "terminated" by the entry of a Consent Judgment [ECF No. 76] on April 5, 2013 pursuant to a Stipulation of Settlement [ECF No. 95-1] and Addendum [ECF No. 95-2]. Nearly ten years later, however, the proceedings continue.

## II. BACKGROUND

The instant motion is not the first post-judgment motion submitted in this matter -- or even the first motion by Plaintiff to hold Laera in contempt.

In a 2014 Report and Recommendations (recommending Laera be held in contempt), the Undersigned summarized the first time Laera was found in contempt of Court as follows:

> In June, 2013 -- approximately two months after the entry of the Consent Judgment -- post-judgment motion practice began. [*See* ECF Nos. 77-79]. In January, 2014, United States District Judge Rosenbaum, adopting a Report and Recommendation of Magistrate Judge Patrick M. Hunt exhaustively recounting the post-judgment history in the case at that time, found Laera in contempt of court for applying to register, using and licensing certain trademarks and domain names; failing to transfer to Plaintiff certain domain names; and re-directing transferred domain names to infringing content. [ECF No. 195 (adopting ECF No. 185)].
>
> Significantly, the Court found Laera in contempt for, among other things: the application for federally registered trademarks including the term VLANCO; the registration of domain names using variations of the terms BLANCO, VIANCO or VLANCO; and the licensure of trademarks and domain names using variations of the terms VLANCO, LINEA VLANCO and LINEA BLANCO. [*See id.*]. All of Laera's contumacious activities implicated his use of designations identical or confusingly similar to the BLANCO Marks -- designations that the Court, in its Consent Judgment,

2

> prohibited him from using. [*See* ECF No. 76]. The Court awarded $600,000 in liquidated damages and more than $220,000 . . . in attorneys' fees to Plaintiff as a result of Defendant Laera's contempt. [ECF Nos. 195; 249].

[ECF No. 347].

In that same Report and Recommendations, issued after an evidentiary hearing attended by Plaintiff and Laera, the Undersigned recommended, among other things, that (1) Laera be declared in contempt of Court; (2) Laera be directed to withdraw various trademark applications; (3) Plaintiff be awarded $600,000.00 in liquidated damages; (4) Laera be directed to provide Plaintiff with an inventory of infringing units, accounting of all sales of infringing units, delivery to Plaintiff for disposition of infringing units, and be subject to coercive incarceration if he fails to comply; and (5) a government attorney be appointed to prosecute criminal contempt proceedings against Laera. *Id.*

In addition to finding that Laera violated various provisions of the Consent Judgment [ECF No. 76], the Undersigned also described the following contemptuous behavior by Laera:

> A few minutes later in the Hearing, when discussing the phone number which Laera provided in response to an Order requiring him to give Plaintiff his home phone number, he testified that the number (to a land line at his North Carolina condominium) "works" -- but that "I keep the ringer off because the ladies wake me up in the middle of the night, sir." [ECF No. 343, p. 160] (emphasis supplied). If true, then this means that Laera again tried to circumvent a Court Order by providing a phone number which would not work for incoming calls because he intentionally turned off the ringer. If his testimony about needing to always keep the ringer off because women are constantly phoning him in the middle of the

3

> night is not true, then Laera's lack of credibility is further evident. Thus, at best, Laera is playing games with a Court Order and engaging in tactics designed to evade the order. At worst, Laera perjured himself. Either way, this exchange is hardly favorable for Laera. But it is not atypical. For example, the Court also ordered Laera to provide Plaintiff's counsel with an email address -- which he did, except that he activated a computer feature which "blocked" email from the law firm by having it sent to Laera's junk mail. [ECF No. 343, p. 127].

[ECF No. 347].

The District Court adopted in full the Undersigned's Report and Recommendations and ordered that Laera would be subject to coercive incarceration if he failed to comply with the Order and also recommended that a government attorney prosecute criminal contempt proceedings against Laera. [ECF No. 353]. In a subsequent Order, the District Court vacated its prior Order only to the extent it recommended that a government attorney prosecute criminal contempt proceedings against Laera. [ECF No. 391].

In a ruling on yet another motion to compel filed by Plaintiff seeking Laera's compliance with a Court Order that Laera dismiss a related action pending in North Carolina and deposit $35,000.00 in the court registry, the Court granted Plaintiff's motion and ordered that Laera had thirty days from the date he is personally served with the Order to deposit the full $35,000.00 into the Court's registry. [ECF No. 418]. The Court directed Plaintiff to effectuate personal service of the Order and file a notice attesting to when, where, and by whom Laera was served. *Id.* If Plaintiff was unable to effectuate personal service, then the Order permitted it to make a further request for

relief. *Id.* Finally, the Order deferred on the issue of whether the reinstitution of criminal contempt proceedings is appropriate. *Id.*

No notice has been filed by Plaintiff, nor is there any docket indication that Laera has complied with ECF No. 418. The only filing by either side other than the current motion is a January 2021 Motion for Leave to File by Laera [ECF No. 419], which the Undersigned denied [ECF No. 420].

Plaintiff's current motion surrounds a series of Orders and comments by the Court regarding Laera's failure to maintain a current address. Indeed, the Court has ordered Laera on multiple occasions to provide a current address to the Clerk:

> Laera may not continue in this case without an updated address for Court filings and notices to be sent to, so therefore, Laera shall provide the Court with an updated address immediately by submitting a Motion for Leave to File an address change with the Undersigned by August 7, 2015. The fact that Laera does not have an updated address on the record in this case shall not excuse him from any requirements that he respond to motions or orders entered in this case.

[ECF No. 396].

> Laera shall, by August 24, 2015, submit a Notification of Address Change to the Undersigned pursuant to the instructions in Judge Lenard's Order [ECF No. 389].

[ECF No. 400].

> ENDORSED ORDER granting [Plaintiff's] Motion to Compel Defendant Vito Laera to provide and maintain a valid address of record with the Clerk of Court. The Undersigned notes that multiple Orders concerning this obligation are already in place [ECF Nos. 396; 400] (in addition to Local Rule 11.1(g) itself) and there are also pending requests [ECF No.

5

413] for serious relief concerning Defendant Vito Laera's non-compliance with many Court Orders entered in this case.

[ECF No. 417].

The District Court has already made a factual finding that Laera violated two of these Orders. [ECF No. 418] ("Laera is also in violation of Judge Goodman's Orders [ECF No. 396] and [ECF No. 417] requiring Laera to provide and maintain a valid address with the Court.").

In the Court's most recent Order, the Undersigned reminded Laera of his obligation under the Local Rules to maintain a valid address with the Court:

> Laera is reminded that he needs to provide the Clerk with a valid address. The Undersigned previously granted Laera's motion for leave to file an address change. [ECF No. 400]. In that same Order, The Undersigned directed Laera to submit a Notification of Address Change to the Undersigned by August 24, 2015. *Id*. Laera still has not submitted a valid address to the Undersigned or the Clerk.
>
> As noted in the Undersigned's prior Order, "pursuant to Local Rule 11.1(g), *pro se* parties are responsible for maintaining current contact information with the Clerk of Court. 'The failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court. All Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court.' Local Rule 11.1(g)." [ECF No. 396].

[ECF No. 420].

As of this Report and Recommendations, Laera has not filed an updated address with the Court.

### III. Legal Standard

Federal Rule of Civil Procedure 70(a) provides that if a party fails to perform any specific act required by a Court's judgment, "the court may order the act to be done -- at the disobedient party's expense -- by another person appointed by the court." Fed. R. Civ. P. 70(a). Rule 70(e) further provides that "[t]he court may also hold the disobedient party in contempt." Fed. R. Civ. P. 70(e). Likewise, the Eleventh Circuit Court of Appeals has recognized that "[c]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). "Although the district court has the authority to impose sanctions designed to ensure compliance, the sanctions cannot be any greater than necessary to ensure such compliance." *Id.* (citing *Mercer v. Mitchell*, 908 F.2d 763, 768 n.9 (11th Cir. 1990)). Among the options at the district court's disposal are "a coercive daily fine, a compensatory fine, . . . and coercive incarceration." *Id.* (citations omitted).

Additionally, "[c]ontempt of court may be punished as a criminal offense." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1242 (11th Cir. 2007) (citing 18 U.S.C. § 402)). "The three elements of criminal contempt are (1) a lawful and reasonably specific order that (2) the defendant has violated (3) willfully." *Id.* (citing *United States v. Bernardine*, 237 F.3d 1279, 1282 (11th Cir. 2001)). "A federal court may punish contemptuous conduct that occurs outside its presence only after giving notice of 'the

7

essential facts constituting the charged criminal contempt,' 'request[ing] that the contempt be prosecuted by an attorney for the government,' and affording other procedural protections." *Id.* (quoting Fed. R. Crim. P. 42).

"The defendant 'is not only entitled to be informed of the nature of the charge against him, but to know that it is a charge, and not a [civil] suit.'" *Id.* (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 446 (1911)). "[I]n proceedings for criminal contempt the defendant is presumed to be innocent, he must be proved to be guilty beyond a reasonable doubt, and cannot be compelled to testify against himself." *Gompers*, 221 U.S. at 444.

"Civil contempt is 'wholly remedial' serves only the purpose of a party litigant, and is intended to coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance." *S. Ry. Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1968) (citations omitted).

"Criminal contempt, on the other hand, is punitive, rather than remedial, serves to vindicate the authority of the court, and cannot be ended by any act of the contemnor." *Id.* (citations omitted); *see also Lewis v. S. S. Baune*, 534 F.2d 1115, 1119 (5th Cir. 1976) ("Proceedings by way of criminal contempt are to punish defiance of judicial authority, whereas civil contempt serves to compel obedience of the court order or to compensate the litigant for injuries suffered because of the disobedience[.]") (citation omitted).

A party seeking an order of contempt bears the initial burden of demonstrating by clear and convincing evidence that the alleged contemnor has violated a valid court order. *PlayNation Play Systems, Inc. v. Velex Corp.*, 939 F.3d 1205, 1212 (11th Cir. 2019).

The "clear and convincing" evidence must establish that an order was violated and that (i) the allegedly-violated order was valid and lawful; (ii) the order was clear and unambiguous; and (iii) the alleged violator had the ability to comply. *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1546 (11th Cir. 1996). The focus of a court's inquiry in civil contempt proceedings is not the subjective intent of the alleged contemnors; rather, it is whether their conduct objectively complied with the terms of the order. *PlayNation*, 939 F.3d at 1213.

### IV. Analysis

#### a. Civil Contempt

Plaintiff has met its burden to establish by clear and convincing evidence that Laera is in contempt. In the Undersigned's August 19, 2015, Order granting Laera's Motion for Leave to File Address Change [ECF No. 400], the Undersigned ordered Laera to submit a Notification of Address Change by August 24, 2015. Laera still has not filed any document -- notice or otherwise -- containing an updated, accurate address of record.

This is a valid and lawful court order. A party has a duty to keep the Court informed of his address. S.D. Fla. L.R. 11.1(g) ("[A]ny party appearing *pro se* shall maintain current contact information with the Clerk of Court . . . [and] shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change."); *see also Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir. 1982) (stating that it is "fair and reasonable for [petitioner] to assume the burden of advising ... of address changes or to take other reasonable steps to ensure delivery ... to his current address"); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (holding that a *pro se* plaintiff has a duty to notify the court of his/her address at all times).

Further, the Order is clear and unambiguous. Even though other Orders and statements by the Court informing Laera of his obligation to update the Court with his updated address did not contain a compliance date [ECF Nos. 396; 417; 420], the Undersigned's Order granting Laera's motion for leave to file [ECF No. 400] provided Laera a deadline with which he had to comply. Thus, in no uncertain terms, Laera was made fully aware of the action he had to take and the timeframe in which he was required to take the action.

Finally, there is no doubt that Laera has the ability to comply. Since the first Order in August requiring Laera to update his address [ECF No. 396], Laera has filed an action against Eleventh Circuit Court of Appeals Judge Robin S. Rosenbaum in North Carolina [ECF No. 402-1] and filed two pleadings in this action [ECF Nos. 400-1; 420].

Because Laera is capable of filing documents in this Court and other courts throughout the country, he can certainly file an accurate address.

Laera's history of noncompliance justifies the use of coercive incarceration. This is not the first time Laera has failed to comply with a court order. In fact, since the settlement agreement was entered, the litigation has almost exclusively surrounded Laera's failure to abide by court orders and by the terms of the settlement agreement. These prior violations have resulted in the imposition of numerous monetary sanctions against Laera.

The evidence of Laera's contemptuous behavior should not be evaluated in a vacuum, devoid of the context of prior post-judgment motion practice and decisions in this case, including the prior use of lesser sanctions. Coercive incarceration is a serious measure, but in a case such as this one, where a contemnor has a long pattern of disregard for a court's authority, it is appropriate. As mentioned above, coercive incarceration is used in situations where the contemnor has the ability to comply and thereby purge himself of contempt. *See Shillitani v. United States*, 384 U.S. 364, 369-70 (1966).

Plaintiff seeks coercive incarceration only insofar as Laera fails to provide the Clerk of Court with a valid address of record. In this instance, Laera has it within his power to purge himself of the contempt and avoid the prospect of jail (or to obtain release if jailed), simply by complying. Given Laera's history of skirting the authority of

this Court, the Undersigned finds the remedy of potential coercive incarceration entirely appropriate in this context, and I therefore **respectfully recommend** that the District Court use this method to hopefully compel Laera's compliance with the Court's Order.

### b. Criminal Contempt

The Court does not take the suggestion of criminal contempt lightly. The Undersigned recognizes the seriousness of imposing criminal punishment (i.e., incarceration) for the violation of civil court orders. In this case, the Undersigned previously recommended (based on Plaintiff's motion) that the District Court appoint a government attorney to pursue criminal contempt charges against Laera. Here, however, Plaintiff has failed to establish good cause for criminal contempt for this behavior.

The standard for determining whether a case of out-of-court contempt should be criminally prosecuted is whether the movant for such relief, in this case Plaintiff, has established "good cause" to hold the adverse party in contempt. *Midway Man'g Co. v. Kruckenberg*, 720 F.2d 653 (11th Cir. 1983). Plaintiff's argument on this issue is barebones. Plaintiff makes only a recursive argument that it "has incontrovertibly established such good cause because Laera has willfully ignored the terms of this Court's Orders." [ECF No. 421].

If the mere violation of a court order were all that were necessary to establish "good cause," then it would render the good cause requirement meaningless in the face of a violation. Certainly, it is possible that good cause exists -- and it is likely that it does -- but, when assessing whether an individual should be criminally prosecuted and incarcerated (and, more importantly, unable to purge himself and obtain freedom as is possible with civil contempt), the Undersigned will not speculate or hypothesize as to whether good cause exists. Given the failure to establish good cause, I **recommend** that Judge Lenard deny Plaintiff's request for criminal contempt.

The Undersigned is similarly not recommending to the District Court that it appoint a government attorney to criminally prosecute Laera for failing to provide an address.

c. **Plaintiff's Request for Attorney's Fees Should be Denied Without Prejudice**

Plaintiff did not attach any billing records detailing the amount of time spent preparing and filing this motion. Nor did Plaintiff include any law or argument as to why it is entitled to fees on this issue. Thus, the Undersigned is currently unable to determine whether fees are appropriate and, if fees are appropriate, then whether Plaintiff's current hourly rate and the number of hours spent preparing this motion are reasonable.

Because of this, the Undersigned **respectfully recommends** the District Court deny without prejudice Plaintiff's request for attorneys' fees and costs.

## V. CONCLUSION

Accordingly, the Undersigned **respectfully recommends** Plaintiff's Motion for Civil and Criminal Contempt be **granted in part** and the District Court enter and Order declaring Vita Laera in contempt of Court and directing Laera to file a Notification of Change of Address within five (5) days of the date of any Order granting this relief, and, if Laera fails to comply, then coercively incarcerating him until he purges himself of the contempt.

The Undersigned also **respectfully recommends** Plaintiff's request for the appointment of a government attorney to prosecute Laera for criminal contempt be **denied**.

Finally, the Undersigned **respectfully recommends** Plaintiff's request for attorney's fees and costs be **denied without prejudice** and Plaintiff be directed to file an appropriately briefed motion on the issue if it continues to seek fees and costs.

## VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the Parties have **14** days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within **7** days of the objection. Failure to file

timely objections shall bar the Parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on January 19, 2022.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Joan A. Lenard
All counsel of record

Vito Antonio Laera, *pro se*
230 South Tryon
Suite 708
Charlotte, NC 28202