UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61580-CIV-LENARD/GOODMAN

**BLANCO GMBH + CO. KG,**

    Plaintiff,

**v.**

**VLANCO INDUSTRIES, LLC, et al.,**

    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR CIVIL AND CRIMINAL CONTEMPT AGAINST DEFENDANT VITO ANTONIO LAERA (D.E. 422)

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Jonathan Goodman issued January 19, 2022, ("Report," D.E. 422), recommending that the Court grant in part Plaintiff BLANCO GmbH + Co. KG's Motion for Civil and Criminal Contempt Against Defendant Vito Antonio Laera, (D.E. 421). Specifically, Judge Goodman found that Laera is in contempt of court for violating a valid and lawful, clear and unambiguous court order requiring him to file a Notification of Change of Address, and that "Laera's history of noncompliance justifies the use of coercive incarceration." (Report at 11.) Judge Goodman recommends ordering coercive incarceration "to hopefully compel Laera's compliance with the Court's Order." (Id. at 12.) However, Judge Goodman found that "Plaintiff has failed to establish good cause for criminal contempt for this behavior[,]" (id.), and recommends denying the Motion to the extent it seeks an order appointing a Government attorney to prosecute Laera for criminal

contempt, (id. at 13).  Judge Goodman further recommends denying without prejudice Plaintiff's request for attorneys' fees because Plaintiff did not attach billing records to the Motion, and did not include any law or argument as to entitlement to fees.  (Id.)

The Report provides the Parties with fourteen (14) days to file objections.  As of the date of this Order, no objections have been filed.  Failure to file objections shall bar parties from attacking on appeal the factual findings contained in the report.  See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Therefore, after an independent review of the Report and record, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation on Plaintiff's Motion for Civil and Criminal Contempt Against Defendant Vito Antonio Laera (D.E. 422) is **ADOPTED**;

2. Plaintiff's Motion for Civil and Criminal Contempt to Enforce this Court's Orders Against Defendant Vito Antonio Laera (D.E. 421) is **GRANTED IN PART AND DENIED IN PART** consistent with Judge Goodman's Report and this Order;

3. Defendant Vito Antonio Laera shall have **FOURTEEN DAYS** from the date of this Order to file a Notification of Change of Address with the Court by mailing it to Judge Goodman's chambers pursuant to the filing restrictions imposed by the Court's Omnibus Order of June 1, 2015, (D.E. 389). **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN**

**LAERA'S INCARCERATION UNTIL HE PURGES HIMSELF OF THE CONTEMPT.**

4. Plaintiff's request for the appointment of a Government attorney to prosecute Laera for criminal contempt is **DENIED**;

5. Plaintiff's request for attorneys' fees and costs is **DENIED WITHOUT PREJUDICE**.

6. The Clerk shall mail a copy of this Order to Laera's address of record:

    **230 South Tryon
    Suite 708
    Charlotte, NC 28202**

7. The Clerk shall also mail a copy of this Order to the return address in Cuba Laera has been using, even though his last filing was apparently mailed from the Federal Express location inside the Fontainebleu Hotel in Miami Beach on January 28, 2022, (see D.E. 423 at 13), and the filing before that was mailed from the Federal Express location inside Hostel Brazilian in Miami on January 18, 2021, (see D.E. 419 at 7):

    **Calle 2da #15 interior
    Entre Estrada Palma y Central
    Mambi, Guanabacoa, Habana, Cuba**

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of February, 2022.

                                                     **JOAN A. LENARD
UNITED STATES DISTRICT JUDGE**